# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVAN MCCLENTON, | 1:06-cv-01593-AWI-SMS (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| SUZAN L. HUBBARD, et. al., | (Doc. 1) |
| Defendants. | |

**I.   SCREENING ORDER**

Jovan McClenton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed his complaint on November 8, 2006. (Doc. 1.) Plaintiff's complaint is presently before the Court for screening.

**A.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.     Summary of Plaintiff's Complaint**

Plaintiff is a state prisoner at Corcoran State Prison. Plaintiff was formerly imprisoned at High Desert State Prison in Susanville, California.

Plaintiff names defendants: Suzan L. Hubbard, Deputy Director of the Directors Review Board ("D.R.B.") of the California Department of Corrections and Rehabilitation ("C.D.C.R."); B. Degroot, Deputy Director of The Parole and Community Service Division of the C.D.C.R.; L. Rianda, Chief of the Classification Service Unit ("C.S.U.") of the C.D.C.R.; D. Rothchild, Classification State Representative of the C.S.U. of the C.D.C.R.; V. Mercado, Correctional Counselor II of the C.S.U. of the C.D.C.R.[1]; D.L. Runnels, Warden at High Desert State Prison ("H.D.S.P."); Committee members at Plaintiff's Institutional Classification Committee ("ICC") hearings at H.D.S.P. - A. Cain, M. McDonald, R. Wong, T. Felkner, M. Norgaard, H. Fleischman, S. Sanchez, and J. Boitano; Lieutenant Rath at H.D.S.P.; D. Adams, Warden at Corcoran State Prison; Al Scriben, former Warden at Corcoran State Prison; and Committee members at Plaintiff's ICC hearings at Corcoran State Prison - D. Ortiz; P. Stockman, Dr. Ferguson, E. Lawson, and T. Schrednitz.

---

[1] Plaintiff alleges that defendants Hubbard, Degroot, Rianda, Rothchild, and Mercado are all members of the Directors Review Board of the C.D.C.R.

2

Plaintiff alleges that: on June 16, 2003, while at High Desert State Prison, a female officer with her back to Plaintiff, while Plaintiff was in lockdown shower, claimed to have seen Plaintiff masturbating in her direction; Lieutenant Rath falsely ordered Plaintiff be taken to administrative segregation ("ad-seg") for Plaintiff's alleged sixth rule violation for violating C.C.R. § 3007 for indecent exposure; on July 25, 2003, Warden Runnels and the ICC of High Desert State Prison found that because of Plaintiff's prior criminal conviction and the rule violations, Plaintiff was considered predatory towards female staff and would be placed in ad-seg pending review for placement in indeterminate status security housing unit ("SHU"); the Directors Review Board of the C.D.C.R. initially determined that at the time, Plaintiff did not meet the criteria for SHU placement; on November 19, 2003, the Directors Review Board issued Plaintiff an order for placement in SHU; Plaintiff has been held in Corcoran State Prison's indeterminate SHU since December 30, 2003; as of February 3, 2005, Warden Adams and the ICC of Corcoran State Prison have recommended that Plaintiff should be released from SHU back to the general population, but have failed to process the necessary paperwork; the failure to release Plaintiff from SHU has resulted in severe physical and mental pain and suffering because of the severe insolation.  Plaintiff alleges that his placement in SHU is retaliation against Plaintiff for Plaintiff's conviction.

Plaintiff claims a violation of equal protection, cruel and unusual punishment, double jeopardy, deprivation of liberty, as well as state constitutional violations and conspiracy. Plaintiff seeks release from administrative segregation back to the general population, as well as money damages.

    **C.**    **Pleading Requirements**

        **1.** *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the

3

plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### 2. *Federal Rule of Civil Procedure 18(a)*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the

future.

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff names former Warden Scriben in his complaint, but fails to list him as a defendant in the caption, or anywhere else in his complaint. If Plaintiff intends to pursue claims against Scriben, he must appropriately identify him as a defendant in this action. Further, Plaintiff needs to clarify which defendant(s) he feels are responsible for any given violation(s) of his constitutional rights.

### D.    **Claims for Relief**

#### 1. *Due Process - False Rules Violation Report*

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-

84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  Id. at 563-71.  As long as the five minimum Wolff requirements are met, due process has been satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

"When prison officials limit a prisoner's right to defend himself they must have a legitimate penological interest."  Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (concluding that prisoners do not have a right to have an independent drug test performed at their own expense).  The right to call witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff."  Ponte v. Real, 471 U.S. 491, 495 (1985); see also Mitchell v. Dupnik, 75 F.3d 517, 525 (9th Cir. 1996); Koenig, 971 F.2d at 423; Zimmerlee v. Keeney, 831 F.2d 183, 187-88 (9th Cir. 1987)(per curiam).

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ."  Hill, 472 U.S. at 455; see also Touissaint v. McCarthy, 926 F.2d 800, 802-03 (9th Cir. 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989); Jancsek, III v. Oregon bd. Of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); Cato v. Rushen, 824

F.2d 703, 705 (9th Cir. 1987); see especially Burnsworth v. Gunderson, 179 F.3d 771, 774-74 (9th Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrate existence of liberty interest). "Some evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." Id. at 455-56 (emphasis added). However, the "some evidence" standard does not apply to original rules violation report where a prisoner alleges the report is false and retaliatory. Hines v. Gomez, 108 F.3d 265, 268-69 (9th Cir. 1997).

Plaintiff did not state any facts to address any of the requirements set forth in Wolff. However, Plaintiff alleges that Lieutenant Rath fraudulently charged Plaintiff with violation of 15 C.C.R. § 3007. Therefore, per Hines, Plaintiff has stated a cognizable claim against Rath for violation of his procedural due process rights.

Plaintiff also alleges that the Directors Review Board of the C.D.C.R., the High Desert State Prison ICC, and the Corcoran State Prison ICC violated Plaintiff's due process rights. Plaintiff does not state any facts to address any of the requirements set forth in Wolff as against these defendants. Plaintiff thus fails to state a cognizable claim against them.

### 2. *Due Process - Continued Retention in Ad-Seg/SHU*

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68. With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation

to the ordinary incidents of prison life." Id. at 484.

Plaintiff is not entitled to procedural due process protections in a vacuum. In order to be entitled under federal law to any procedural due process protections, plaintiff must first have a liberty interest at stake. A plaintiff must allege facts that establish the existence of a liberty interest in remaining free from Ad-Seg. Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

The Ninth Circuit explicitly has found that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence. "It is plain, that the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence. Accordingly, administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir.1986). After a prisoner has been placed in administrative segregation, prison officials must periodically review the initial placement. See Hewitt v. Helms, 459 U.S. 460, 477 n.9; and Touissaint 801 F.2d at 1101.

Prison inmates do not have a constitutional right, grounded in the Due Process Clause itself, to be incarcerated at a particular correctional facility, to be transferred from one facility to another, or to participate in rehabilitative programs. Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir. 1985).

Plaintiff has not alleged facts that indicate Plaintiff was denied due process by his continued detention in SHU or ad-seg. Plaintiff's statement that the Corcoran State Prison ICC

8

found that Plaintiff should be allowed to return to the general population indicates that Plaintiff did receive adequate periodic review of Plaintiff's placement in SHU. Plaintiff alleges that the High Desert State Prison ICC wrongfully placed Plaintiff in SHU, but also fails to allege sufficient facts that Plaintiff was denied due process.

Plaintiff also alleges that the Directors Review Board unlawfully placed Plaintiff in indeterminate SHU. Plaintiff alleges that the Directors Review Board placed Plaintiff in SHU despite their knowledge that Plaintiff does not meet SHU criteria. This is contradicted by Plaintiff later stating that the Directors Review Board issued an order for Plaintiff to be placed into indeterminate SHU. Plaintiff has no liberty interest to be free from incarceration in the SHU. Plaintiff thus fails to assert a claim for a due process violation.

### 3. *Cruel and Unusual Punishment in SHU*

Plaintiff appears to allege an Eighth Amendment conditions of confinement claim. Plaintiff alleges that, within SHU, prisoners: receive all meals in their cells; are not allowed to participate in any work training, educational programs, or social services programs/activities; are not allowed to have contact visits or telephone access; spends 22 ½ hours a day isolated in their cells without direct sunlight; are shackled or restrained when leaving from or returning to their cells; are subjected to yard exercise that is really a "dog walk."

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v.

9

Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Although exercise is "one of the basic human necessities protected by the Eighth Amendment," LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir.1993), a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation. May v. Baldwin, 109 F.2d 557, 565 (9th Cir. 1997). Compare Allen v. Sakai, 48 F.3d 1082, 1088 (9th Cir.1994) (stating that a long-term deprivation of exercise is a denial of a basic human need in violation of the Eighth Amendment), *cert. denied*, 514 U.S. 1065 (1995); Spain v. Procunier, 600 F.2d 189, 199-200 (9th Cir.1979) (concluding that the deprivation of outdoor exercise for more than four years violates the Eighth Amendment).

Segregated prisoner's complaints that his recreation and visitation time were restricted, that he was denied certain personal items, and that he was handcuffed every time he left his cell were "far from extraordinary." Martin v. Scott, 156 F.3d 578, 579 n. 1, 580 (5th Cir.1998).

Plaintiff was provided yard/outdoor exercise.  Even if his yard/outdoor exercise was nothing more than a "dog walk," the fact that he was provided exercise, and sustained no medical effects from restricted activity, causes his allegations not to rise to the level of a cognizable claim. Plaintiff's allegation that, while retained in SHU, he was not allowed to participate in any rework training, educational, behaviorally enhancing social services programs or activities does not rise to the level of a cognizable claim. Plaintiff's allegation that he was shackled, or placed in wrist and waist restraints, each time he left his cell while retained in SHU also does not rise to the level of a cognizable claim.  Plaintiff fails to indicate how the conditions in SHU differed from those of the general population.  Further, Plaintiff fails to allege that any of the defendants were deliberately indifferent to a substantial risk of harm.  Thus, Plaintiff fails to state a cognizable claim regarding his conditions of confinement while retained in SHU.

### 4. *Equal Protection*

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  An equal protection claim may be established in two ways.   First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001).  Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004);

11

1  SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal
2  protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an
3  identifiable class; (2) the plaintiff was intentionally treated differently from others similarly
4  situated; and (3) there is no rational basis for the difference in treatment. Village of
5  Willowbrook, 528 U.S. at 564. If an equal protection claim is based upon the defendant's
6  selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement
7  is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of
8  Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).
9      Plaintiff is not alleging discrimination based on suspect classification. Pursuant to
10  Village of Willowbrook, Plaintiff fails to allege sufficient facts that indicate he was discriminated
11  against in violation of the Equal Protection Clause. Plaintiff thus fails to assert a cognizable
12  claim for a violation of Equal Protection.
13              **5.** *Double Jeopardy*
14      The Double Jeopardy Clause precludes "a second prosecution for the same offense," and
15  prevents "the State from 'punishing twice, or attempting a second time to punish criminally, for
16  the same offense.'" Kansas v. Hendricks, 521 U.S. 346, 369 (1997) (quoting Witte v. United
17  States, 515 U.S. 389, 396 (1995)). The *Ex Post Facto* Clause "forbids the application of any new
18  punitive measure to a crime already consummated," and "pertain[s] exclusively to penal
19  statutes." Kansas v. Hendricks, 521 U.S. at 370 (internal quotation marks and citations omitted).
20      Plaintiff is not being prosecuted twice, nor is the State punishing him twice, for the same
21  offense. Plaintiff thus fails to assert a claim for double jeopardy.
22              **6.** *State Constitution Claim*
23      The discussion of plaintiff's federal constitutional claim resolves both the federal and
24  state constitutional claims. Los Angeles County Bar Assoc. v. Eu, 979 F.2d 697, 705 (9th Cir.
25  1992) (citing Payne v. Superior Court, 132 Cal.Rptr. 405, 410 n. 3 (1976) (the California
26  Constitution provides the same basic guarantee as the Fourteenth Amendment of the United
27  States Constitution)).
28

**7.** *Conspiracy*

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted). As such, a bare allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

Plaintiff alleges that Hubbard, Runnels, and all the members of the Directors Review Board and the High Desert State Prison ICC conspired to violate Plaintiff's constitutional rights. Plaintiff merely alleges that they conspired against him. Plaintiff has not alleged any facts supporting the existence of a conspiracy. Further, Plaintiff has not alleged any facts that indicate any of these defendants violated his constitutional rights. In order to state a cognizable claim for relief for conspiracy, Plaintiff must establish that defendants conspired to violate an underlying constitutional right.

**8.** *Supervisory Liability*

Plaintiff names defendants Hubbard, Degroot, Rianda, Adams, Rath, and Runnels in his

13

complaint, each of whom holds a supervisorial position. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

With the exception of Lieutenant Rath, Plaintiff has not alleged any facts indicating that the above named defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Plaintiff has thus failed to assert a cognizable claim against Hubbard, Degroot, Rianda, Adams, and Runnels.

**9.** *State Law Claims*

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . .

the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Because Plaintiff may be able to state claims for relief under section 1983, the Court reserves discretion to exercise supplemental jurisdiction over and to address Plaintiff's state law claims after plaintiff files his amended complaint so as to allow Plaintiff opportunity to state cognizable claims for relief under section 1983.

## II. CONCLUSION

Plaintiff has stated a cognizable claim against defendant Rath, but fails to state a cognizable claim against any of the other defendants. For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

(9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

**Dated:   October 2, 2008**                     /s/ Sandra M. Snyder
                                                 UNITED STATES MAGISTRATE JUDGE