JKM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

Jovan McClenton,                )   No. CV 1-06-1593-SRB
                                )
      Plaintiff,           )   **ORDER**
                                )
vs.                             )
                                )
Suzan L. Hubbard, et al.,       )
                                )
      Defendants.          )
_____)

Jovan McClenton, who is confined in the Corcoran State Prison in Corcoran, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. #1.) United States Magistrate Judge Sandra M. Snyder issued an Order dismissing the Complaint pursuant to Rule 8(a) of the Federal Rule of Civil Procedure and for failure to state a claim. (Doc. #8.) The Order granted Plaintiff leave to file an amended complaint. Plaintiff thereafter filed an Amended Complaint. (Doc. #10.) The case was then reassigned to the undersigned judge. (Doc. #12.) The Court will dismiss the Amended Complaint and this action for failure to state a claim.

**I.**   **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). But here, Plaintiff was previously granted leave to amend his Complaint and, notwithstanding the Court's detailed explanation of the deficiencies in the original Complaint, Plaintiff's Amended Complaint still fails to state a claim upon which relief can be granted. The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989).

After reviewing Plaintiff's Amended Complaint, the Court concludes that it fails to correct the deficiencies outlined in Magistrate Judge Snyder's October 2, 2008 Order.

1  Plaintiff has failed to allege sufficient facts to give rise to a cognizable claim.  Plaintiff has
2  made two efforts at crafting a viable complaint.  Plaintiff apparently gave little heed to, or
3  was unable to comply with, the Court's prior instructions.  Further opportunities would be
4  futile.  The Court will, therefore, exercise its discretion to deny further leave to amend and
5  will dismiss the Amended Complaint and this action for failure to state a claim.

6  **II.    Amended Complaint**

7  As Magistrate Judge Snyder noted in the prior screening Order (Doc. #8 at 15-16), an
8  amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963 F.2d
9  1258,1262 (9th Cir. 1992), cert. denied, 506 U.S. 915 (1992); Hal Roach Studios v. Richard
10 Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the original pleading
11 is treated as nonexistent.  Ferdik, 963 F.2d at 1262.  Thus, claims alleged in an original
12 complaint which are not alleged in an amended complaint are waived.  King v. Atiyeh, 814
13 F.2d 565, 567 (9th Cir. 1987).

14 Plaintiff names fifteen Defendants in his Amended Complaint: Suzan L. Hubbard,
15 Deputy Director of the Directors Review Board (DRB) of the California Department of
16 Corrections and Rehabilitation (CDCR); B. Degroot, Deputy Director of The Parole and
17 Community Service Division of the CDCR; L. Rianda, Chief of the Classification Service
18 Unit (CSU) of the CDCR; D. Rothchild, Classification State Representative of the CSU; V.
19 Mercado, Correctional Counselor II of the CSU; D.L. Runnels, Warden at High Desert State
20 Prison (HDSP); Committee members at Plaintiff's Institutional Classification Committee
21 (ICC) hearings at HDSP – A. Cain, M. McDonald, R. Wong, T. Felkner, M. Norgaard, H.
22 Fleischman, S. Sanchez, and J. Boitano; and R. Rath, Lieutenant at HDSP.

23 Plaintiff alleges that on June 16, 2003, while at HDSP, a female officer, who is not
24 named as a defendant, issued a rules violation report charging that she saw Plaintiff
25 masturbating in her direction.  Plaintiff argues that the officer could not have seen him from
26 the tower where she was stationed and that the rules violation report is false.  Plaintiff alleges
27 that Defendant Rath then ordered that he be taken to administrative segregation for
28 masturbation toward a female officer.  Plaintiff alleges that the administrative segregation

1 lock-up order falsely claimed that the violation was his sixth indecent exposure/masturbation
2 violation, when – according to Plaintiff – it was only his third such violation. On July 25,
3 2003, Defendant Runnels "and (all) of the members of HDSP's ICC Committee" (Doc. #10
4 at 5) issued a new lock-up order acknowledging that Plaintiff's rule violations did not make
5 him eligible for placement in the Security Housing Unit (SHU), but nevertheless finding that
6 Plaintiff's criminal conviction and rules offenses supported the conclusion that he was
7 predatory towards female staff and that he should be held in administrative segregation
8 pending a review to determine whether he should be placed in SHU for an indeterminate
9 term. On August 11, 2003, a subsequent classification review – issued by an officer who is
10 not named as a defendant – again acknowledged that Plaintiff did not meet criteria for
11 indeterminate SHU assignment, but nevertheless ordered that he be held in administrative
12 segregation pending the issuance of a report to the Directors Review Board recommending
13 that Plaintiff be placed in SHU for an indeterminate term.

14 On September 11, 2003, Defendant Runnels "and (all) ICC Committee members"
15 issued a report to the Directors Review Board recommending that Plaintiff be placed in SHU
16 for an indeterminate term. (Doc. #10 at 5.) On November 11, 2003, the Directors Review
17 Board "and (all) of its members" ordered that Plaintiff be placed in SHU for an indeterminate
18 term, even though, according to Plaintiff, they knew that Plaintiff did not meet the criteria
19 for SHU placement. (Doc. #10 at 5-6.) Plaintiff alleges that he is still housed in SHU and
20 that his return to general population is "left to the mercy" of the Directors Review Board
21 during periodic reviews. (Doc. #10 at 6.)

22 Plaintiff further alleges that as a segregated inmate: he spends "about 22 hours each
23 day in a cell, usually with a cellmate;" he is not eligible for work or for prison programs; and
24 time out of his cell is "limited to constitutional necessities such as exercise, showers, and
25 medical care." (Doc. #10 at 6.) Plaintiff alleges that his long-term placement in SHU causes
26 him mental anguish, stress, depression, and anxiety. He also alleges that unnamed SHU staff
27 have assaulted him, charged him with false rules violations, and harassed him.

28

Plaintiff asserts five claims for relief: (1) Defendant Hubbard and the Directors Review Board members violated his right to equal protection by sending him to SHU for an indeterminate term "when other inmates would have been disqualified" (Doc. #10 at 7); (2) Defendant Hubbard and the Directors Review Board members subjected him to cruel and unusual punishment by placing him in SHU "despite their knowledge that Plaintiff (does not) meet shu criteria" (Doc. #10 at 8); (3) his placement in SHU for an indeterminate term violates his right to due process under the California constitution; (4) Defendants Hubbard and Runnels and all of the members of the Directors Review Board and the ICC conspired to deprive him of the "normal procedures" that would have prevented him from being placed in SHU (Doc. #10 at 8-9); and (5) Defendants Hubbard and all of the "parties documented" in the Amended Complaint subjected him to deliberate indifference by refusing to facilitate the termination of his "illegal" SHU placement (Doc. #10 at 9). Plaintiff seeks injunctive relief and money damages.

### III. Failure to State a Claim

#### A. Equal Protection Claim

Magistrate Judge Snyder's screening order very carefully explained the elements of an equal protection claim. (Doc. #8 at 11-12.) The order explained that plaintiff could establish an equal protection claim in one of two ways: (1) by showing that a fundamental right is involved or that a defendant intentionally discriminated against him on the basis of his membership in a suspect class, such as race, see Nordlinger v. Hahn, 505 U.S. 1, 10 (1992); or (2) by showing that he is a member of an identifiable class, that he was intentionally treated differently from others similarly situated, and that there was no rational basis for the different treatment, see Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

In his Amended Complaint, Plaintiff does not allege that a fundamental right is involved or that he is a member of a suspect class. Nor does he allege that Defendants treated him differently from similarly situated prisoners, without a rational basis, and based upon an impermissible motive. Rather, Plaintiff alleges that Defendant Hubbard and the

Directors Review Board members violated his right to equal protection by sending him to SHU for an indeterminate term "when other inmates would have been disqualified." (Doc. #10 at 7.) This conclusory claim is not entitled to a presumption of truth. Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

Plaintiff attempts to bolster his claim by citing § 3341.5 of Title 15 of the California Code of Regulations. But that provision does not support his claim that his transfer to SHU was unauthorized. Although 15 C.C.R. § 3341.5(c)(9)(K) authorizes determinate confinement in SHU for sexual misconduct offenses, it does not limit sexual misconduct offenders only to determinate confinement in SHU. Under § 3341.5(c)(1) and (2), a prisoner who "is deemed to be a threat to the safety of others or the security of the institution" must be housed in SHU, and that housing "may be for an indeterminate or for a fixed period of time." 15 C.C.R. § 3341.5(c)(1), (2). Plaintiff concedes that he was recommended for indeterminate SHU confinement not solely on the basis of his sexual misconduct charge, but also because the ICC believed that in light of his "commitment offenses along with the nature of [his] rule violations, [he was] viewed as predatory toward female staff." (Doc. #10 at 5.) Thus, Plaintiff cannot plausibly claim that his indeterminate detention was unauthorized, or that there was no rational basis for his confinement in SHU, or that Defendants' decision was based on an impermissible motive. See Iqbal, 129 S. Ct. at 1949 ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'") (quoting Twombly, 550 U.S. at 570). Accordingly, Plaintiff has again failed to state a cognizable equal protection claim.

**B.     Cruel and Unusual Punishment/Deliberate Indifference**

Magistrate Judge Snyder's screening order also very carefully explained the elements of an Eighth Amendment cruel and unusual punishment claim. (Doc. #8 at 9-11.) The order explained that Plaintiff could establish a cruel and unusual punishment claim only by demonstrating that Defendants acted with "'deliberate indifference' to a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 828 (1994). The Supreme Court has set

out a two part test for deliberate indifference. "First, the alleged constitutional deprivation must be, objectively, 'sufficiently serious'" *i.e.*, the official's "act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Id. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991); Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Farmer, 511 U.S. at 834. The Supreme Court has further defined this subjective test: "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

In his Amended Complaint, Plaintiff again fails to set forth specific facts to support a plausible claim that he faced or faces a sufficiently serious risk of harm in SHU or that Defendants were aware that their actions subjected Plaintiff a serious risk of harm. In his second claim for relief, Plaintiff makes the conclusory allegation that Defendant Hubbard and the Directors Review Board members subjected him to cruel and unusual punishment by placing him in SHU "despite their knowledge that Plaintiff (does not) meet shu criteria" (Doc. #10 at 8.) Similarly in his fifth claim for relief, Plaintiff makes the conclusory allegation that Defendants Hubbard and all of the "parties documented" in the Amended Complaint subjected him to deliberate indifference by refusing to facilitate the termination of his "illegal" SHU placement (Doc. #10 at 9). Plaintiff fails to support these claims with non-conclusory factual statements showing that he has or will be deprived of "'the minimal civilized measure of life's necessities'" in SHU, let alone that the named Defendants were aware of a substantial risk that he would be so deprived. Farmer, 511 U.S. at 834. In fact, Plaintiff's allegations regarding the conditions regarding the conditions of his confinement suggest that at least minimal constitutional standards are being met in SHU. Although Plaintiff alleges that he spends "about 22 hours each day in a cell, usually with a cellmate," and that time out of his cell is "limited to constitutional necessities such as exercise, showers, and medical care." (Doc. #10 at 6.)  Because Plaintiff has not set forth a non-conclusory

1 claim that he has been denied "'the minimal civilized measure of life's necessities'" in SHU,
2 he has failed to state a plausible claim for violation of his Eighth Amendment rights.

**C.     Due Process**

Although Plaintiff's due process claim is less than clear, he appears to argue, in part, that Defendants violated his constitutional rights by failing to follow their own regulations. But "[v]iolation of state law, of itself, does not establish a deprivation of liberty without due process."[1] Picray v. Sealock, 138 F.3d 767, 770 (9th Cir. 1998); Zinermon v. Burch, 494 U.S. 113, 125 (1990) ("In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law.") As Magistrate Judge Snyder's screening order explained, the right to due process arises only when a prisoner is faced with the deprivation of a protected liberty interest. In the context of a prisoner's transfer from one unit to another, constitutionally protected liberty interests are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Plaintiff's only allegation relating to this requirement is his claim that SHU is "a harsher living environment . . . from the normal living of general population." (Doc. #10 at 4.) This conclusory statement is not entitled to a presumption of truth. Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") Accordingly, Plaintiff has again failed to state a cognizable due process claim.

In the prior screening order, Magistrate Judge Snyder, relying on Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997), suggested that Plaintiff could state a claim against Defendant Rath for fraudulently charging him with a violation of 15 C.C.R. § 3007. But Hines does not support that conclusion. In Hines, the United States Court of Appeals for the Ninth Circuit held that "where a prisoner alleges a correctional officer has falsely accused him of violating

---

[1] Moreover, as noted earlier, Plaintiff's transfer does not appear to have been in violation of state regulations. See 15 C.C.R. § 3341.5(c)(1), (2).

a rule in retaliation for the prisoner's exercise of his constitutional rights, the correctional officer's accusation is not entitled to the 'some evidence' standard of review that we afford disciplinary administrative decisions." Hines, 108 F.3d at 269. The prisoner in Hines alleged that an officer issued a disciplinary report against him in retaliation for exercising his First Amendment right to file grievances. Here, Plaintiff has not alleged that Defendant Rath (or any other Defendant) acted in retaliation for Plaintiff's exercise of his First Amendment rights. Accordingly, Hines is inapposite.

Although Plaintiff alleges that the report issued by Defendant Rath was false, he does not allege that Defendant Rath knew that the report was false. But even if Plaintiff had alleged that Defendant Rath knew that the report was false, "so long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim." Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002). Plaintiff does not allege that he was denied basic procedural protections before he was sent to SHU or that he has not been provided with subsequent periodic reviews of his housing status. Accordingly, Plaintiff has failed to state a cognizable due process claim against Defendant Rath or any other Defendant.

**D.   Conspiracy**

Magistrate Judge Snyder warned Plaintiff that "a bare allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983." (Doc. 8 at 13.) Plaintiff did not heed that warning. Plaintiff alleges only that Defendants "did conspire and agree to disregard those normal procedures which would have otherwise precluded plaintiff from being placed in the harsher living environment, depriving plaintiff of his constitutional rights as alleged herein, in violation of 42 U.S.C. section 1983 and 1985." (Doc. #10 at 8-9). Plaintiff's bare assertion of a conspiracy amounts to "nothing more than a 'formulaic recitation of the elements'" of a conspiracy claim." Iqbal, 129 S. Ct. at 1951 (quoting Twombly, 550 U.S. at 555). "As such, the allegations are conclusory and not entitled to be assumed true." Id. Accordingly, Plaintiff has again failed to state a cognizable conspiracy claim.

**IV.    Conclusion**

Magistrate Judge Snyder issued a screening order providing Plaintiff with a detailed explanation of the deficiencies of his Complaint. Plaintiff's Amended Complaint is no better than his first and the Court has no reason to believe that a second amended complaint would state cognizable claims for relief. Accordingly, the Amended Complaint and this action will be dismissed for failure to state a claim.

**IT IS ORDERED** that the Amended Complaint (Doc. #10) and this action are **dismissed** for failure to state a claim. The Clerk of Court shall enter judgment accordingly.

DATED this 13th day of August, 2009.

_____
Susan R. Bolton
United States District Judge